UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

HOWARD COHAN,

    Plaintiff,

vs.                                    INJUNCTIVE RELIEF SOUGHT

BRU'S ROOM SPORTS GRILL, INC.,
a Florida Profit Corporation,
d/b/a BRU'S ROOM SPORTS GRILL, and
BRU'S ROOM SPORTS GRILL OF DEERFIELD
BEACH, LLC,
a Florida Limited Liability Company,
d/b/a BRU'S ROOM SPORTS GRILL,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues BRU'S ROOM SPORTS GRILL, INC., a Florida Profit Corporation d/b/a BRU'S ROOM SPORTS GRILL and BRU'S ROOM SPORTS GRILL OF DEERFIELD BEACH, LLC, a Florida Limited Liability Company, d/b/a BRU'S ROOM SPORTS GRILL (collectively referred to as "Defendants"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

**JURISDICTION AND VENUE**

1.      This is a complaint for breach of contract and injunctive relief seeking enforcement of the Confidential Settlement Agreement and General Releases (copies attached as Exhibit A and

Exhibit B, respectively) reached in the cases of: *HOWARD COHAN v. BRU'S ROOM SPORTS GRILL, INC., d/b/a BRU'S ROOM SPORTS GRILL*, Case No.: 16-80822-CIV-Rosenberg/Brannon (S.D. Fla.) and *HOWARD COHAN v. BRU'S ROOM SPORTS GRILL OF DEERFIELD BEACH, LLC, d/b/a BRU'S ROOM SPORTS GRILL*, Case No.: 16-cv-61120-Dimitrouleas/Snow (S.D. Fla.) (dismissed by order upon settlement) which arose out of Plaintiff's claims of discrimination caused by certain barriers encountered by Plaintiff on Defendants' properties that prevented Plaintiff from the full and equal enjoyment of places of public accommodation in violation of Title III of the Americans with Disabilities Act.

2. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendants' violations of Title III of the ADA. *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

3. Venue is proper in this Court, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court for the Southern District of Florida in that events giving rise to the lawsuit occurred in Palm Beach County, Florida.

## PARTIES

4. Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

5. Upon information and belief, Defendants are the lessees, operators, owners and lessors of the Real Properties, which are subject to this suit, and are located at:

    a. 1333 Congress Ave., Boynton Beach, Florida 33426 ("Bru's Boynton"); and

    b. 123 NE 20th Ave, Deerfield Beach, Florida 33441 ("Bru's Deerfield")

and are the owners of the improvements where each property is located. The Real Properties are hereinafter collectively referred to as "Premises."

6. Defendants are authorized to conduct, and are in fact conducting, business within the State of Florida.

7. Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

8. Plaintiff visited Defendants' Premises on:

    a. Bru's Boynton: April 2, 2016; and

    b. Bru's Deerfield: April 18, 2016

At the time of Plaintiff's visits to the Premises, Plaintiff required the use of fully accessible restrooms and fully accessible service and eating areas. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

9. Defendants' Premises are places of public accommodation as defined by Title III of the ADA and as such are governed by the ADA.

10. On or about May 25, 2016, Plaintiff filed a lawsuit against Bru's Boynton seeking to force Defendant to comply with the ADA and applicable regulations thereto. See *HOWARD*

*COHAN v. BRU'S ROOM SPORTS GRILL, INC., d/b/a BRU'S ROOM SPORTS GRILL*, 16-80822-CIV-Rosenberg/Brannon (S.D. Fla.) ("Prior Lawsuit 1").

11. On or about May 25, 2016, Plaintiff filed a lawsuit against Bru's Deerfield seeking to force Defendant to comply with the ADA and applicable regulations thereto. See *HOWARD COHAN v. BRU'S ROOM SPORTS GRILL OF DEERFIELD BEACH, LLC, d/b/a BRU'S ROOM SPORTS GRILL*, Case No.: 16-cv-61120-Dimitrouleas/Snow (S.D. Fla.) ("Prior Lawsuit 2").

12. On or about July 14, 2016, Prior Lawsuit 1 was dismissed upon stipulation and notice to the U.S. District Court that the parties had settled.

13. On or about July 14, 2016, Prior Lawsuit 2 was dismissed upon stipulation and notice to the U.S. District Court that the parties had settled.

14. In connection with said dismissals, Plaintiff and Defendants entered into two separate Confidential Settlement Agreement and General Releases (See Exhibit A and Exhibit B, respectively) on or about July 14, 2016.

15. The Confidential Settlement Agreement and General Release for Prior Lawsuit 1 required Defendants to complete all modifications to the Premises on or about July 14, 2017.

16. The Confidential Settlement Agreement and General Release for Prior Lawsuit 2 required Defendants to complete all modifications to the Premises on or about July 14, 2017.

17. Defendants have failed to complete the required modification(s) to the Premises as required by the ADA and the Confidential Settlement Agreement and General Releases and Defendants have failed to give notice of any reasons or documentation for non-compliance.

18. Plaintiff again personally visited Defendants' Premises on the following dates (and prior to instituting this action):

    a. Bru's Boynton: April 1, 2019, November 6, 2020, and January 4, 2021

   b. Bru's Deerfield: May 16, 2019 and November 6, 2020

 19. Plaintiff required the use of fully accessible restrooms and fully accessible service and eating areas. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

 20. Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities.

 21. Plaintiff is continuously aware of the violations at Defendants' Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

 22. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA.

 23. Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendants' discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

 24. Completely independent of the personal desire to have access to these places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff

personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

25. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 25 above as if fully stated herein.

27. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA

was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

28. Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

29. Congress explicitly stated that the purpose of the ADA was to:

    a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

    b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

30. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendants' Premises are places of public accommodation covered by the ADA by the fact they provide services to the general public and must be in compliance therewith.

31. Defendants have discriminated and continue to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Plaintiff has visited Premises, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

33. Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide disabled persons with full and equal access to their

facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

34. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for any subsequent violation.

35. Based on a preliminary inspection of the Premises, Defendants are in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and are discriminating against Plaintiff as a result of, inter alia, the following specific violations:

**I.   Bru's Boynton**

**Outdoor Seating Bar & Bar Areas**

a. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

b. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.2, 902, 305 and 306.

**Indoor (North) Seating & Bar Area**

c. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of

2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

d. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.2, 902, 305 and 306.

**Men's Restroom (GENERAL)**

e. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards.

f. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards.

g. Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.3 and 306.3.1 and/or §4.24.3 of the 1991 ADA Standards.

h. Failing to provide the correct opening width for a forward approach into a urinal, stall door or lavatory in violation of 2010 ADAAG §§305, 305.7.1, 404, 605.3 and 606.2 and/or §§4.18.3 and 4.2.5 of the 1991 ADA Standards.

**Men's Restroom (ACCESSIBLE STALL)**

i. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (the sharp-edged hook needs to be

    replaced) in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards.

j. Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

k. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3 and/or §§4.19 and 4.19.6 of the 1991 ADA Standards.

l. Failing to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

m. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall (the hand dryer) in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609, 609.3 and 609.4 and/or §§4.16.4, 4.26 and 4.26.2 of the 1991 ADA Standards.

n. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4 and/or §§4.26 and 4.26.2 of the 1991 ADA Standards.

II. **Bru's Deerfield**

**Seating near Outside Bar**

a. Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area, a baby changing table, a recreational area or table area adjacent to a pool for food or beverage

      service, or at a computer work surface in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

b. Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.

c. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

**Seating Outside Patio and Inside Restaurant & Bar Area**

d. Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.

e. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

f. Failing to provide a sufficient dispersion of seating throughout the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.2, 902, 305 and 306.

**Men's Restroom (GENERAL)**

g. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG

§§404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards.

h. Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.3 and 306.3.1 and/or §4.24.3 of the 1991 ADA Standards.

i. Failing to provide the correct opening width for a forward approach into a urinal, stall door or lavatory in violation of 2010 ADAAG §§305, 305.7.1, 404, 605.3 and 606.2 and/or §§4.18.3 and 4.2.5 of the 1991 ADA Standards.

**Men's Restroom (ACCESSIBLE STALL)**

j. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards.

k. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2 and/or §§4.16, 4.17.2 and 4.17.3 of the 1991 ADA Standards.

l. Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§603, 603.2, 603.2.3, 604, 604.3 and 604.3.1 and/or §§4.16, 4.16.2, 4.22 and 4.22.3 of the 1991 ADA Standards.

m. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (missing stall door handle) in violation of

       2010 ADAAG §§309, 309.1, 309.3 and 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards.

n. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (broken hook – sharp edge) in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards.

o. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4 and/or §§4.26 and 4.26.2 of the 1991 ADA Standards.

p. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 604.5, 609 and 609.4 and/or §§4.17.6, 4.26 and 4.26.2 of the 1991 ADA Standards.

36. To the best of Plaintiff's belief and knowledge, Defendants have failed to eliminate the specific violations set forth in paragraph 35 herein.

37. Although Defendants are charged with having knowledge of the violations, Defendants may not have actual knowledge of said violations until this Complaint makes Defendants aware of same.

38. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

39. As the owners, lessors, lessees or operators of the Premises, Defendants are required to comply with the ADA. To the extent the Premises, or portions thereof, existed and

were occupied prior to January 26, 1992, the owners, lessors, lessees or operators have been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

40. To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owners, lessors, lessees or operators of the Premises were under an obligation to design and construct such Premises such that they are readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

41. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendants, pursuant to 42 U.S.C. § 12205.

42. All of the above violations are readily achievable to modify in order to bring Premises or the Facilities/Properties into compliance with the ADA.

43. In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 35 herein can be applied to the 1991 ADAAG standards.

44. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Subject Facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facilities until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendants are in violation of the ADA;

2. That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to Premises;

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## BREACH OF CONTRACT

42. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 25 above as if fully stated herein.

43. On or about July 14, 2016, Plaintiff and Defendants entered into Confidential Settlement Agreement and General Releases (See Exhibit A and Exhibit B, respectively). Through these Settlement Agreements, Defendants agreed to make modifications to Defendants' Premises as outlined in the agreements. The Confidential Settlement Agreement and General Releases required Defendants to complete all modifications to the Premises by on or about July 14, 2017.

44. Plaintiff has performed all conditions precedent to be performed by him under the Confidential Settlement Agreement and General Releases.

45. On or about October 26, 2018, Plaintiff sent Defendants, through counsel, Notices of Non-Compliance pursuant to the Confidential Settlement Agreement and General Releases. Defendants failed to comply with the Notices of Non-Compliance.

46. As of Plaintiff's most current visits to the Premises, Defendants have failed to complete the modifications promised in the Confidential Settlement Agreement and General Releases. Specifically, Defendants have failed to address the following violations:

I. **Bru's Boynton**

   a. Modify the men's restroom by installing door closers on the main door with a maximum pull force of 5 pounds and adding signage on the door which will have a minimum 5/8" block lettering, color contrasted background and include the symbol of accessibility.

   b. In the accessible stall in the men's restroom, relocate any object to provide a clear space between the side wall grab bar and the object projecting out of the wall.

   c. In the accessible stall in the men's restroom, relocate the toilet tissue dispenser to be 7-9" from the centerline of the dispenser to the water closet and 15-48" above the finished floor.

   d. Lower one main sink lavatory mirror so that the bottom edge of its reflecting surface is a maximum of 40" above the finished floor or alternatively, remove the elevated main sink lavatory mirrors and provide a single full-length mirror.

   e. In the main dining room and bar area, at least 5% of all fixed tables will have accessible seating.

   f. In the bar area, a portion of the bar will be modified such that the top of the bar counter surface will be mounted between 28-34" above the finished ground or

      alternatively, bar service will be provided at one designated accessible table near the bar.

   g. In the back bar area, a portion of the bar will be modified such that the top of the bar counter surface will be mounted between 28-34" above the finished ground or alternatively, bar service will be provided at one designated accessible table near the bar to the extent the back bar area is servicing patrons.

II. **<u>Bru's Deerfield</u>**

   a. Modify the men's restroom by installing door closers on the main door with a maximum pull force of 5 pounds and adding signage on the door which will have a minimum 5/8" block lettering, color contrasted background and include the symbol of accessibility.

   b. In the accessible stall in the men's restroom, relocate the toilet tissue dispenser to be 7-9" from the centerline of the dispenser to the water closet and 15-48" above the finished floor.

   c. Lower one main sink lavatory mirror so that the bottom edge of its reflecting surface is a maximum of 40" above the finished floor or alternatively, remove the elevated main sink lavatory mirrors and provide a single full-length mirror.

   d. Modify the men's restroom by lowering the height of one paper towel and soap dispenser to a maximum of 48" above the floor to the highest operable part of the dispenser.

   e. In the main dining room, outside bar area, and inside bar area, at least 5% of all fixed tables will have accessible seating.

  **f.** In the indoor and outdoor bar areas, a portion of both bars will be modified such that the top of the bars counter surface will be mounted between 28-34" above the finished ground or alternatively, bar service will be provided at one designated accessible table near the bars.

47. Plaintiff has been damaged by the Defendants breaches of the Confidential Settlement Agreement and General Releases. Specifically, Plaintiff has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

1. That this Court declares that Defendants have failed to comply with their respective Confidential Settlement Agreement and General Releases;
2. That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;
3. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Confidential Settlement Agreement and General Releases; and,
4. That this Court award such other and further relief as it may deem necessary, just and proper.

Dated May 21, 2021.

       **Sconzo Law Office, P.A.**
       3825 PGA Boulevard, Suite 207
       Palm Beach Gardens, FL 33410
       Telephone: (561) 729-0940
       Facsimile: (561) 491-9459

       By: **/s/ Gregory S. Sconzo**
       GREGORY S. SCONZO, ESQUIRE
       Florida Bar No.: 0105553
       SAMANTHA L. SIMPSON, ESQ.
       Florida Bar No.: 1010423
       **Primary Email:** greg@sconzolawoffice.com
       **Primary Email:** samantha@sconzolawoffice.com
       **Secondary Email:** alexa@sconzolawoffice.com